La PORTE SUPERIOR COURT NO. 2

| | |
|---|---|
| DAVID NAUGHTON,<br>    Plaintiff<br><br>v.<br><br>WEIDER GLOBAL NUTRITION, LLC<br>    Defendant | 46D02-1905-CT-001153 |

## COMPLAINT

Plaintiff, David Naughton, by counsel, Nicholas T. Otis, of NEWBY LEWIS KAMINSKI & JONES, LLP, states the following claims against Defendant Weider Global Nutrition, LLC:

1. Plaintiff, David Naughton, at all times relevant herein was resident of La Porte County, Indiana.

2. Defendant, Weider Global Nutrition, LLC, is a foreign limited liability company doing business in the State of Indiana, and transacting and soliciting business and engaging in a persistent course of conduct, deriving substantial revenue from the sale of Red Yeast Rice.

3. On or about October, 2016, Mr. Naughton began taking Weider Red Yeast Rice supplements.

4. Mr. Naughton suffered various complications and side effects from the Red Yeast Rice tablets.

5. On July 1, 2017, Mr. Naughton had a liver transplant at University of Chicago Medical Center in Chicago, Illinois.

6. On July 9, 2017, the University of Chicago Medical Center issued a final pathologic diagnosis of Mr. Naughton's liver and found in relevant part:

> The portal tracts contain sparse inflammatory cell infiltrates. The native bile ducts are intact. There are no viral inclusions. *The findings are consistent with fulminant hepatic failure due to a drug or toxin*. There is no histologic evidence of autoimmune hepatitis. *Red yeast rice is a possible etiologic agent*.

7. Further, laboratory testing revealed the presence of lovastatin in the Weider Red Yeast Rice tablets.

8. Lovastatin is regulated by the United States Food and Drug Administration.

9. Dietary supplements, such as Red Yeast Rice, may not contain Lovastatin.

10. The FDA previously issued a public warning letter dated April 23, 2014, specifically stating that red yeast rice supplements with enhanced or added lovastatin cannot be marketed as a dietary supplement.

11. Weider Red Yeast Rice is a "product" as defined by IND. CODE § 34-6-2-114.

12. Plaintiff, David Naughton, was a reasonably foreseeable user or consumer of the Red Yeast Rice supplements referred to above as "user or consumer" are defined by the IND. CODE. § 34-6-2-29 and § 34-6-2-147.

13. Weider Red Yeast Rice referred to above was designed, manufactured, put into the stream of commerce, prepared before the sale to the user or consumer,

was significantly altered before sale, or was sold by Defendant Weider Global Nutrition, LLC.

14. The Weider Red Yeast Rice supplements referred to above were not modified or altered after they were purchased by Plaintiff, David Naughton, the initial user or consumer of the product in a way not reasonably expectable to the seller.

15. Defendant, Weider Global Nutrition, LLC, was the manufacturer of the Red Yeast Rice supplements, as defined in IND. CODE. § 34-6-2-77.

16. Defendant, Weider Global Nutrition, LLC, was the seller of the Red Yeast Rice referred to above, as defined by IND. CODE. § 34-6-2-136.

17. Weider Red Yeast Rice referred to above was capable of being made safe for reasonably expected use.

18. Weider Red Yeast Rice referred to above was not used after its defect or danger was known.

19. Weider Red Yeast Rice referred to above was not misused as "misuse" is defined by IND. CODE. § 34-20-6-4.

### Count I – Strict Liability

20. Plaintiff re-alleges and incorporates by reference rhetorical paragraphs one through nineteen (1-19) as fully stated herein.

21. Defendant Weider Global Nutrition, LLC, was under a duty of strict liability to design, manufacture, market, distribute and sell the Red Yeast Rice

supplements referred to above so that it was not unreasonably dangerous and defective and suitable for the purpose for which it was intended.

22. Notwithstanding said duty and in violation thereof, Defendant Weider Global Nutrition, LLC, designed, manufactured, and sold with actual knowledge of the defect in Red Yeast Rice supplements, making individuals using the Red Yeast Rice supplements susceptible to liver damages or liver failure.

23. Defendant Weider Global Nutrition, LLC, placed Red Yeast Rice supplements referred to above in the stream of commerce and was not reasonably safe for the purposes for which it was intended and which was defective and unreasonably dangerous when it left the possession and the control of the Defendant in that Plaintiff David Naughton was exposed to a risk of physical harm to an extent beyond that ordinarily contemplated by an individual using Red Yeast Rice supplements due to defective design and other deficiencies upon its normal and customary use.

24. The Defendant Weider Global Nutrition, LLC, designed, manufactured, marketed distributed and sold Red Yeast Rice supplements referred to above and the Red Yeast Rice supplements were unreasonably dangerous to the user thereof and to people who the Defendant Weider Global Nutrition, LLC, reasonably foresaw or should have foreseen would use their Red Yeast Rice supplements.

25. The Red Yeast Rice Supplements referred to above were dangerous and defective at the time when Defendant Weider Global Nutrition, LLC,

manufactured and marketed them and when it came into contact with the Plaintiff, David Naughton.

26. Plaintiff, David Naughton, was injured as a direct and proximate result of the dangerous and defective character of Red Yeast Rice supplements referred to above when he used the Red Yeast Rice supplements in a reasonably foreseeable manner according to its intended purpose and manner.

27. Defendant Weider Global Nutrition, LLC, failed to provide adequate warning and instructions regarding the Red Yeast Rice supplements' dangerous propensities, safe and proper method of use, and steps taken to prevent injury and illness.

28. As a direct and proximate result of one or more of all of the above stated wrongful acts or omissions of the Defendant Weider Global Nutrition, LLC, Plaintiff David Naughton has suffered great physical pain and will continue to suffer great physical pain and further Plaintiff has suffered severe injuries which will result in substantial permanent injury, restriction in his activities, and further caused Plaintiff to suffer mental anguish, distress, depression, and embarrassment which he will continue to suffer in the future and further has caused Plaintiff to become liable for great sums of medical and hospital expenses and has deprived him of lost wages and gainful employment and other great gains he otherwise would have made and acquired.

**WHEREFORE**, Plaintiff David Naughton prays for judgment against Defendant in an amount adequate to fully compensate said Plaintiff for all losses

and damages that he has suffered, together with prejudgment interest, costs, and all other just and proper relief.

## Count II - Negligence

29. Plaintiff re-alleges and incorporates by reference rhetorical paragraphs one through twenty-eight (1-28) as fully stated herein.

30. At all relevant times Defendant Weider Global Nutrition, LLC, had a duty to exercise reasonable care in the design, manufacturing, marketing, distribution, and selling of the Red Yeast Rice supplements referred to above.

31. Defendant Weider Global Nutrition, LLC, was negligent and failed to exercise reasonable care in the design, manufacture, and distribution of the Red Yeast Rice supplements referred to above.

32. Defendant Weider Global Nutrition, LLC, negligently designed, manufactured, produced, or otherwise had knowledge of the defect in the Red Yeast Rice supplements that permitted Plaintiff David Naughton to use and consume the Red Yeast Rice supplements in a manner that caused severe and permanent injuries.

33. Defendant Weider Global Nutrition, LLC, was negligent and failed to provide adequate warnings or instructions for the Red Yeast Rice supplements.

34. Defendant Weider Global Nutrition, LLC, was negligent in failing to provide any warning on the Red Yeast Rice supplements that informed the user of the dangerous propensities of the Red Yeast Rice supplements.

35. As a direct and proximate result of one or more of all of the above stated negligent acts or omissions of the Defendant Weider Global Nutrition, LLC, Plaintiff David Naughton has suffered great physical pain and will continue to suffer great physical pain and further Plaintiff has suffered severe injuries which will result in substantial permanent injury, restriction in his activities, and further caused Plaintiff to suffer mental anguish, distress, depression, and embarrassment which he will continue to suffer in the future and further has caused Plaintiff to become liable for great sums of medical and hospital expenses and has deprived him of lost wages and gainful employment and other great gains he otherwise would have made and acquired.

**WHEREFORE**, Plaintiff David Naughton prays for judgment against Defendant in an amount adequate to fully compensate said Plaintiff for all losses and damages that he has suffered, together with prejudgment interest, costs, and all other just and proper relief.

### Count III – Implied Warranty of Merchantability

36. Plaintiff re-alleges and incorporates by reference rhetorical paragraphs one through thirty-five (1-35) as fully stated herein.

37. Defendant Weider Global Nutrition, LLC, impliedly warranted that the Red Yeast Rice supplements referred to above were of merchantable quality, fit, safe, and in proper condition for ordinary use for which the Red Yeast Rice supplements were designed, sold, and used.

38. The Plaintiff, David Naughton, was a person reasonably expected to use and come in contact with the Red Yeast Rice supplements referred to above and was entitled to rely upon and did rely upon the implied warranty of merchantability by the Defendant.

39. The Red Yeast Rice supplements referred to above were designed, manufactured, marketed, sold and distributed by Defendant Weider Global Nutrition, LLC, were not of merchantable quality rather, they were unfit, unsafe, and unusable for the purposes for which they were intended and warranted; and that the condition of the Red Yeast Rice supplements and the inadequate warnings and directions constituted a breach of the Defendants' implied warranty of merchantability.

40. That as a direct and proximate result of the Defendant Weider Global Nutrition, LLC's, breach of implied warranty of merchantability and as a result of the unfit, unsafe, and unusable condition of the Red Yeast Rice supplements referred to above, Plaintiff, David Naughton, suffered severe and permanent damages.

41. Further, as a direct and proximate cause of the Defendant Weider Global Nutrition, LLC, breach of implied warranty of merchantability, Plaintiff David Naughton has suffered great physical pain and suffering and will continue to suffer great physical pain and suffering and further caused Plaintiff David Naughton to suffer severe mental anguish, distress, depression and embarrassment which he will continue to suffer in the future and further has caused Plaintiff to

become liable for great sums for medical and hospital expenses and has deprived him of lost wages and gainful employment and other great gains he otherwise would have made and acquired.

**WHEREFORE**, Plaintiff David Naughton prays for judgment against Defendant in an amount adequate to fully compensate said Plaintiff for all losses and damages that he has suffered, together with prejudgment interest, costs, and all other just and proper relief.

### Count IV – Punitive Damages

42. Plaintiff re-alleges and incorporates by reference rhetorical paragraphs one through forty-one (1-41) as fully stated herein.

43. Defendant Weider Global Nutrition, LLC manufactured and designed the Red Yeast Rice supplements knowing the supplements violated the law and would place users of the supplements in imminent danger of suffering substantial harm.

44. Defendant Weider Global Nutrition, LLC had knowledge and awareness of the impending danger that individuals using Red Yeast Rice supplements were highly likely to suffer injuries from the Red Yeast Rice supplement's design and manufacture when used in a normal and customary manner.

45. Defendant Weider Global Nutrition, LLC's conduct in designing and manufacturing the Red Yeast Rice supplements exhibited a callous indifference to the health and welfare of the Plaintiff David Naughton.

46. Further, as a direct and proximate cause of the Defendant Weider Global Nutrition, LLC, gross negligence, Plaintiff David Naughton has suffered great physical pain and will continue to suffer great physical pain and suffering and further caused Plaintiff David Naughton to suffer severe mental anguish, distress, depression and embarrassment which he will continue to suffer in the future and further has caused Plaintiff to become liable for great sums for medical and hospital expenses and has deprived him of lost wages and gainful employment and other great gains he otherwise would have made and acquired.

**WHEREFORE**, Plaintiff David Naughton prays for punitive damages against Defendant Weider Global Nutrition, LLC, in an amount to adequately punish and deter the Defendant and for the benefit of the general public.

Respectfully submitted,

**NEWBY LEWIS KAMINSKI & JONES, LLP**

By: /s/ *Nicholas T. Otis*

Nicholas T. Otis, Attorney # 27992-64
916 Lincolnway, P.O. Box 1816
La Porte, Indiana 46350
Telephone: (219) 362-1577
Fax: (219) 362-2106
*Attorney for Plaintiff*

## Jury Demand

Plaintiff, David Naughton, by counsel, Nicholas T. Otis, demands trial by jury of the issues in this case.

NEWBY LEWIS KAMINSKI & JONES, LLP

By: /s/ *Nicholas T. Otis*
Nicholas T. Otis